**Angelo Di GIORGIO, and Rudolph Porchetta, Plaintiffs,**

v.

**E. Michael McCANN, District Attorney of Milwaukee County, and Nathan E. Wiese, Judge of the County Court, Waupaca County, Sitting in Milwaukee County in County Court, Defendants.**

**No. 73–C–30.**

United States District Court, E. D. Wisconsin.

May 25, 1973.

Joseph P. Balistrieri, Milwaukee, Wis., for Angelo Di Giorgio and Rudolph Porchetta.

Kevin E. O'Neill, Asst. Dist. Atty., of Milwaukee County, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs commenced this action seeking a declaratory judgment that §§ 66.054(8a)(c) and 176.05(23)(c) Wis.Stats. (1967) are unconstitutional. Plaintiffs have moved for interlocutory injunctive relief, and the defendants have moved to dismiss the complaint. Since the latter motion will be granted, it follows that the application for injunctive relief should not be granted.

The complaint charges that the defendants have engaged in discriminatory enforcement of certain Wisconsin statutes which are commonly known as the beer credit and liquor credit laws. Mr. Di Giorgio and Mr. Porchetta have been charged in state criminal actions with having purchased liquor and beer at a time when they had a beer or liquor bill owing for more than the statutory period.

Section 66.054(8a)(c) provides as follows:

"No retail licensee shall receive, purchase or acquire fermented malt beverages directly or indirectly from any licensee if at the time of such receipt, purchase or acquisition he is indebted to any licensee for fermented malt beverages received, purchased, acquired or delivered more than 15 days prior thereto."

Section 176.05(23)(c) provides as follows:

"No retail licensee shall receive, purchase or acquire intoxicating liquors directly or indirectly from any permittee if at the time of such receipt, purchase or acquisition he is indebted to any permittee for intoxicating liquors received, purchased, acquired or delivered more than 30 days prior thereto."

The complaint avers that these statutes are unconstitutional and also charges that the prosecutions referred to in the complaint "are brought in bad faith and harrassment and under circumstances which call for equitable relief. . . ." It also charges that these plaintiffs were "singled out for prosecution as criminals for delayed payment of their bills;".

The state prosecution was commenced prior to the instant federal court action. Under the rule of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669 (1971) and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), I conclude that it is not appropriate for this court to exercise jurisdiction in the case at bar.

The plaintiffs urge that their allegations as to bad faith and discriminatory prosecution are sufficient to surmount the *Younger* and *Samuels* rules. In my opinion, the allegations as to bad faith and as to discriminatory prosecution are not sufficient to warrant this court's interference with the pending state criminal prosecutions. In *Younger*, 401 U.S. at page 56, 91 S.Ct. 746, the Supreme Court indicated that federal jurisdiction may be exercised when there is evidence of "official lawlessness". Notwithstanding the plaintiffs' allegations as to bad faith and harassment, I conclude that there exists in this case no threat of irreparable injury to the plaintiffs that is both great or immediate.

Therefore, it is ordered that the defendants' motion to dismiss this action be and hereby is granted.

It is also ordered that the plaintiffs' motion for a preliminary injunction be and hereby is denied.